**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

DANIEL ADEKUNLE OJO,
    *Petitioner,*

v.

UNITED STATES OF AMERICA,
    *Respondent.*

No. 3:19-cv-412 (JAM)

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

On September 13, 2018, the Court sentenced defendant/petitioner Daniel Adekunle Ojo principally to a term of 32 months of imprisonment following his plea of guilty to one count of conspiracy to commit wire fraud (18 U.S.C. § 1349) and one count of aggravated identity theft (18 U.S.C. § 1028A). *See United States v. Daniel Adekunle Ojo*, 3:17-cr-179 (D. Conn. 2018). Ojo's conviction arose from his participation in a "phishing" scheme to misappropriate the identities of employees of a Connecticut school district for the purpose of using their identities to file for false tax refunds with the Internal Revenue Service.

Now serving his sentence, Ojo has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 claiming that his trial counsel was ineffective because he failed to advise Ojo that one of the elements of the charged offense of aggravated identity theft was that he knew or should have known that the identification used in the fraud scheme was that of a real person at the time that he used it. Doc. #1 at 7. The Government has filed an opposition response. Doc. #5.

A claim of ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below

1

an objective standard of reasonableness" established by "prevailing professional norms"—and, second, a defendant must show that this deficient performance caused prejudice. *Id.* at 687-88.

I will deny Ojo's motion. The plea agreement advised Ojo that one of the elements of the aggravated identity offense was that "[t]he defendant knew that the means of identification belonged to a real person," and the stipulation of offense conduct to the plea agreement likewise states that Ojo knew that one of the victims was a real person. *United States v. Ojo*, 3:17-cr-179 (JAM), Doc. #49 at 2, 11. At Ojo's guilty plea hearing, he assured me that he had read "every page" and "every word" of the agreement, and he signed the plea agreement with the stipulation of offense conduct. Doc. #5-1 at 13, 21. During the course of the plea hearing, he was personally advised of each of the offense elements (including that a victim must be a real person), and he told me that he agreed with the Government's proffer of its proof in this case, which explicitly included proof that he knew that one of the victims was a real person. Doc. #5-1 at 15, 28-29.

In short, the record establishes Ojo's knowledge that the Government must prove as an element of the identity theft crime that he knew one of his victims was a real person, as well as his agreement that the Government could prove this element and his agreement that he actually knew at least one of his victims was a real person. In light of this record, even if Ojo were correct that his trial counsel failed to apprise him of the "real person" element of the aggravated identity theft offense, any such failure was doubtlessly harmless in light of Ojo's admissions in the plea agreement and at the guilty plea hearing.

Because the record conclusively refutes any claim by Ojo that any deficient representation by his trial counsel caused him any prejudice, the Court DENIES the motion for post-conviction relief (Doc. #1) pursuant to 28 U.S.C. § 2255. Ojo has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and therefore no

certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of respondent United States of America and to close this case.

It is so ordered.

Dated at New Haven this 17th day of April 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge